UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESS RICHARD SMITH,

          Petitioner,

v.

MELISSA ANDREWJESKI,

          Respondent.

CASE NO. 2:23-CV-501-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: August 11, 2023

    The District Court has referred this action to United States Magistrate Judge David W. Christel. On April 3, 2023, Petitioner Jess Richard Smith filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, challenging his 2006 King County judgment and sentence. Dkts. 1, 6. After review of the relevant record, the Court concludes the Petition fails to state a cognizable claim under § 2254. Therefore, the Court recommends the Petition be dismissed with prejudice and a certificate of appealability not be issued.

**I. Background**

    In 2006, Petitioner was convicted in the King County Superior Court of first degree felony murder and first degree manslaughter. *See* Dkt. 6 at 24. This is now the third habeas

petition Petitioner has filed in this Court challenging his King County convictions in case number 00-1-05900-7-KNT.[1] Petitioner files the current Petition alleging the state court's post-conviction decision finding Petitioner's state post-conviction challenge was time-barred. Dkt. 6.

## II. Discussion

The sole ground raised in the Petition challenges the state court's post-conviction procedural decision. Dkt. 6. The Ninth Circuit has made clear that "federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings." *Ortiz v. Stewart*, 149 F. 3d 923, 939 (9th Cir. 1998), *overruled on other grounds as recognized by Apelt v. Ryan*, 878 F.3d 800, 827-28 (9th Cir. 2017); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). The reason for this is that a petition for writ of habeas corpus must allege a petitioner's detention violates the constitution, or federal laws or treaties. *See Franzen*, 877 F.2d at 26; *see also* 28 U.S.C. §§ 2241(c)(3), 2254(a). Claims alleging errors in the state post-conviction process "do not represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief." *Franzen*, 877 F.2d at 26.

Here, Petitioner asserts the state court incorrectly determined that his state personal restraint petition ("PRP") was untimely filed. Dkt. 1-1. While the Petition is not a model of clarity, the Petition alleges errors in the state post-conviction review process. *Id*. This is not cognizable under § 2254. Therefore, it would be futile to amend the Petition and the Court recommends the Petition be dismissed with prejudice. *See Devaughn v. McDonell*, 2017 WL 5157754, at *4 (C.D. Cal. Sept. 26, 2017), *report and recommendation adopted*, 2017 WL 5135544 (C.D. Cal. Nov. 6, 2017) (internal quotations and citation omitted) ("An attack on the

---

[1] The previous habeas petitions are not material to this Court's decision and, thus, will not be discussed herein.

petitioner's state post-conviction proceedings is an attack on a proceeding collateral to the detention and not the detention itself.").

### III.   Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the Petition should be dismissed. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Petition.

### IV.   Conclusion

For the above stated reasons, the Court recommends the Petition be dismissed with prejudice and a certificate of appealability not be issued. The Court also recommends all pending motions, including Petitioner's Motion to File a Brief in Support (Dkt. 7) be denied. As the Court finds a certificate of appealability should not be issued and that the petition should not proceed further, the Court recommends any request for *in forma pauperis* on appeal be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on August 11, 2023, as noted in the caption.

Dated this 21st day of July, 2023.

David W. Christel
Chief United States Magistrate Judge